```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALEXANDER TALAVERA and
MARCO GONZALEZ,

                Plaintiffs,                              MEMORANDUM
                                                         AND ORDER
        - against -                                      06-CV-2972 (NGG)

GEORGE E. PATAKI, Governor of the State of
New York; ROBERT DENNISON, Chairman of
the NYS Board of Parole; ANTHONY G. ELLIS,
Executive Director of the NYS Division of Parole;
JOHN DOE, Director of Operations, NYS
Division of Parole; M. HAYDEN, Assistant
Director of Operations, NYS Division of Parole;
CHAUNCEY G. PARKER, Director of Criminal
Justice Services of the State of New York;
MARTIN CIRINCIONE, Executive Deputy
Commissioner, Division of Criminal Justice
Services of the State of New York, all in their
individual and official capacities,

                Defendants.
-----------------------------------------------------------------X
```

GARAUFIS, United States District Judge:

Plaintiffs Alexander Talavera and Marco Gonzalez, prisoners incarcerated at Arthur Kill Correctional Facility, bring this class action *pro se* pursuant to 42 U.S.C. § 1983 and state law. The Court grants plaintiffs requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the action for the reasons set forth below.

## BACKGROUND

Plaintiffs allege that officials from the New York State Division of Parole fail to use proper criteria in determining a prisoner's eligibility for parole, fail to explain their reasons in detail when parole is denied, and are motivated by Governor Pataki's purported political agenda to eliminate parole for all violent felons thereby unlawfully enhancing their terms of imprisonment. Specifically, plaintiff Talavera alleges he pled guilty to robbery and burglary charges and was sentenced to eight to 24 years of

imprisonment. Complaint ("Compl.") at 13, ¶ 42. Talavera alleges he has been denied parole three times, in December 2001, in November 2003 and in October 2005. Compl. at 12, ¶ 41. Plaintiff Gonzalez pled guilty to an attempted robbery charge and was sentenced to eight years to life imprisonment. Compl. at 14, ¶ 44. Gonzalez was denied parole in October 2000, in October 2002 and in August 2004. Compl. at 13, ¶ 43. Plaintiffs allege that the reasons for denying parole were "vague, ill-defined and without direction that the Plaintiffs/class members do not know what they must do in order to be paroled in the future." Compl. at 14, ¶ 46.

## DISCUSSION

### I. Standard of Review

Section 1915A requires this Court to review a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted [] or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Because plaintiffs are proceeding *pro se*, their papers must be read liberally and interpreted as raising the strongest arguments they suggest. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quotation omitted).

2

## II. Class Certification[1]

Plaintiffs Talavera and Gonzalez have a right to proceed *pro se* in this action. See Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (citing 28 U.S.C. § 1654). However, plaintiffs, as a lay persons, cannot represent other individuals, see Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998), and, therefore, cannot bring a class action. See, e.g., Ackers v. United Nations, No. 05-CV-1200 (FB), 2005 WL 806592, at *1, n.1 (E.D.N.Y. Apr. 8, 2005) ("a class action cannot be maintained by *pro se* litigants"); Daniels v. Niagara Mohawk Power Corp., No. 04-CV-734S (SC), 2004 WL 2315088, at *1 (W.D.N.Y. Oct. 12, 2004) ("non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others"). Only claims relating to plaintiffs themselves can be maintained in this action and all claims relating to putative class members are dismissed. Gorelik v. Lippman, No. 05-CV-5639 (SLT), 2006 WL 941800, at *4 (E.D.N.Y. Apr. 12, 2006).

## III. Eleventh Amendment

Plaintiffs seek monetary damages as well as injunctive relief. See Compl. at 18. To the extent plaintiffs sue the defendants in their official capacities, the defendants are immune from suit for damages under the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002). Thus, the complaint seeking damages against the defendants is dismissed pursuant to 28 U.S.C. § 1915A(b)(2) as they are immune from such relief.

## IV. Due Process - Denial of Parole

To the extent plaintiffs seek injunctive relief against individual state actors, the complaint is

---

[1] The Court notes that a pending motion for class certification has been filed by counsel in a similar case in the United States District Court for the Southern District of New York before the Honorable Charles L. Brieant. See Graziano, et al. v. Pataki, et al., No. 06 Civ. 480 (CLB) (filed Jan. 23, 2006).

dismissed as set forth below. Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983. In order to maintain an action under § 1983, plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

In order to proceed with their due process claim, it must appear that plaintiffs enjoy a protected liberty interest under New York law for granting parole. See Barna v. Travis, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam). "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." Id. at 170. It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release" and that, as a result, prisoners in New York State "have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." Id. at 171; see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (holding that "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); Berard v. Vermont Parole Bd., 730 F.2d 71, 75 (2d Cir. 1984) (same); Boothe v. Hammock, 605 F.2d 661, 664-65 (2d Cir. 1979). Because plaintiffs fail to establish that they enjoy a protected liberty interest in obtaining parole release, any alleged deficiencies or improprieties in the consideration of their parole applications do not state a claim upon which relief can be granted under § 1983. See Larocco v. NYS Div. of Parole, No.05-CV-1602 (TJM), 2006 WL 1313341, at *2-3 (N.D.N.Y. May 12, 2006) (denying *pro se* prisoner's claim alleging improper denial of parole).

## V. Ex Post Facto Clause

Plaintiffs further argue that the repeated failure to grant parole acts an enhancement to their sentences in violation of the ex post facto clause. The Second Circuit has specifically rejected this claim. See Barna, 239 F.3d at 171. The ex post facto clause does not apply to guidelines that "are promulgated simply to guide the parole board in the exercise of its discretion;" those "are not laws within the meaning of the ex post facto clause." Id. (citation omitted). Talavera was sentenced to eight to 24 years imprisonment and Gonzalez was sentenced to eight years to life imprisonment; neither plaintiff claims to be held in custody beyond his maximum term. As the Second Circuit has held, "[a] denial of parole is a decision to withhold early release from the confinement component of a sentence. It is neither the imposition nor the increase of a sentence." Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir. 1983).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice to the litigation pending in the United States District Court for the Southern District of New York. See Graziano, et al. v. Pataki, et al., No. 06 Civ. 480 (CLB).[2] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                /s/
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge

Dated: Brooklyn, New York
       July 17, 2006

---

[2] If the class action is allowed to proceed in Graziano, et al. v. Pataki, et al., No. 06 Civ. 480 (CLB), plaintiffs are advised to contact class counsel in that case.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALEXANDER TALAVERA and
MARCO GONZALEZ,

                Plaintiffs,

  -against-

GEORGE E. PATAKI, Governor of the State of
New York; ROBERT DENNISON, Chairman of
the NYS Board of Parole; ANTHONY G. ELLIS,
Executive Director of the NYS Division of Parole;
JOHN DOE, Director of Operations, NYS
Division of Parole; M. HAYDEN, Assistant
Director of Operations, NYS Division of Parole;
CHAUNCEY G. PARKER, Director of Criminal
Justice Services of the State of New York;
MARTIN CIRINCIONE, Executive Deputy
Commissioner, Division of Criminal Justice
Services of the State of New York, all in their
individual and official capacities,
NEW YORK STATE DIVISION OF PAROLE;
WARDEN, A.M.K.C., Rikers Island, New York,

                Defendants.
-------------------------------------------------------X

**CIVIL JUDGMENT**

06-CV-2972 (NGG)

      Pursuant to the Court's order issued July 17, 2006 dismissing this complaint brought under 42 U.S.C. 1983, it is

      **ORDERED, ADJUDGED AND DECREED**: That the complaint is hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

                                      /s/
                              NICHOLAS G. GARAUFIS
                              United States District Judge

Dated: Brooklyn, New York
         July 17, 2006